UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

GRISELA SANTANA,

              Petitioner,

-v-

UNITED STATES OF AMERICA,

           Respondent

                                        5:99-CV-455; 5:99-CV-1252; & 5:92-CR-245

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GRISELA SANTANA<br>Petitioner, Pro Se<br>No. 29085-037<br>Federal Detention Center<br>Unit 1-3N, Work Cadre Program<br>P.O.Box 562<br>Philadelphia, PA  19106 | |
| HON. GLEN SUDDABY<br>United States Attorney<br>Attorney for Respondent<br>P. O. Box 7198<br>Syracuse, NY 13261-7198 | JOHN G. DUNCAN,<br>Assistant U.S. Attorney |

NEAL P. McCURN, S.J.

Memorandum Decision & Order

      The court assumes familiarity with the underlying criminal matter.  On October 12, 1993, petitioner Grisela Santana was sentenced to 240 months (20 years) incarceration for a continuing criminal enterprise ("CCE") pursuant to 21

U.S.C. § 848(1). That 20 year sentence is the statutory minimum. See id. Although petitioner was also convicted of a narcotics conspiracy in violation of 21 U.S.C. § 846, she was not separately sentenced on that count. Instead, in accordance with Second Circuit precedent at the time, see Underwood v. United States, 166 F.3d 84, 86 (2d Cir. 1999), the conspiracy count was deemed a lesser included offense and thus combined with the CCE sentence. Petitioner has served approximately 12 years of her 20 year sentence.

## *Background*

In 1999, within several months of each other, petitioner filed two separate actions (99-CV-455 and 99-CV-1252) seeking relief from her sentence. Confusion has arisen in terms of which papers to file in which action. Motion papers have sometimes been misidentified as to the civil action number; or they have not included a civil action number at all. Further complicating the procedural posture of these two cases is the fact that sometimes in its papers the Government would mistakenly refer to a filing in, for example in action #1, when in reality it was a filing in action #2. As a result, there has been a blurring of the distinction between the two cases, which will be clarified below. Sorting out these filings is necessary because of the potential procedural ramifications.

## *I. Action #1 (99-CV-455)*

On March 26, 1999, the Clerk's Office docketed a letter application from Ms. Santana seeking a downward departure. Santana v. United States, 99-CV-455 (Doc. #2). The court promptly denied that request by letter order dated April 16, 1999, reasoning that if the letter was construed as seeking relief under the habeas corpus statute applicable to federal prisoners, 28 U.S.C. § 2255, it was untimely; and in any event, the court was without jurisdiction to consider same. Id. (Doc.

#3). The file was closed on April 21, 1999.

Several months after that denial, on June 1, 1999, the Supreme Court decided Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707 (1999). The Richardson Court held that in a CCE case a jury must unanimously and separately agree "about which specific violations make up the 'continuing series of violations.'" Id. at 815. On an appeal by petitioner's brother, Leonardo Santana-Madera, the Second Circuit held that the rule first enunciated in Richardson is substantive rather than procedural "and therefore should be applied retroactively in a defendant's first federal *habeas* proceeding." Santana-Madera v. United States, 260 F.3d 133, 139 (2d Cir. 2001). Ultimately, however, the Second Circuit held that Mr. Santana-Madera was not entitled to relief based upon Richardson "even if the district court were clairvoyant and had given the jury the instruction required by Richardson, it is beyond cavil that the jurors would have unanimously agreed on three predicate violations of the drug laws[]" because "[t]hey unanimously agreed on nine such violations." Id. at 141. Thus the Second Circuit concluded that the error, if any, was "clearly harmless." Id. (footnote omitted).

Approximately two and a half years after the Richardson decision, on October 24, 2002, petitioner brought a "Motion to *Reconsider* Pursuant to 28 U.S.C. *2255*[]" based upon that decision. Doc. #4 (emphasis added). In this motion petitioner asserts that after Richardson this court should reconsider her prior request for a downward departure on the theory that because the jury did not decide on which violations [sic] [she] committed[,]" her constitutional right's [sic] were violated [sic] and she was sentenced unfairly." Id. at 3.[1] On August 8,

---

[1] The pages of petitioner's motion are not numbered, but the court took the liberty of doing so for ease of reference.

3

2003, the Government filed its Response to this motion. The Government's response is twofold. This motion for reconsideration is (1) procedurally barred and (2) substantively without merit. Petitioner filed a response to the Government's opposition and on November 7, 2003, the Government filed its Reply. This October 2002 motion is still undecided.

In the meantime, several months after the filing of the Government's Reply, on January 7, 2004, petitioner requested appointment of counsel – a request which the court denied without prejudice to renew. Doc. #20. Slightly more than a year later, on March 9, 2005, petitioner again sought appointment of counsel – this time in the form of a motion. Doc. # 22. Then, less than a month later, on April 4, 2005, petitioner filed what she entitled a "Brief For Reconsideration Of Sentence Reduction By Person In Federal Custody; and Suggestions In Support Thereof" ("Brief"). Doc. #23.[2]

In her Brief, petitioner contends that she "was sentenced under the now found Unconstitutional [Sentencing] Guidelines[.]" Id. at 2. Further, petitioner states that she "believes that she may qualify for a sentence reduction based on" three recent Supreme Court decisions -- United States v. Booker, 125 S.Ct. 738 (2005); United States v. Fanfan, 125 S.Ct. 738 (2005);[3] and United States v. Blakely, 124 S.Ct. 2531 (2004). Id. at 2. "Booker and Blakely broadly hold that any fact that increases the punishment imposed on a defendant must be found by a jury beyond a reasonable doubt." United States v. Fruchter, 2005 WL 1389888, at

---

[2]   This document did not include a civil action number.

[3]   "The Booker and Fanfan cases bear the same citation, as they were consolidated for purposes of Supreme Court review." United States v. Ocasio, 2005 WL 1489462, at * 1 n.3 (D.Conn. June 20, 2005).

4

\* 4 (2d Cir. June 14, 2005) (citation omitted). More specifically, "<u>Booker</u> . . . held that the [Sentencing] Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on finding of fact (other than the fact of a prior conviction) made by the judge[.]" <u>Guzman v. United States</u>, 404 F.3d 139, 141 (2d Cir. 2005) (citations omitted). To remedy that constitutional violation the Supreme Court made the Sentencing Guidelines advisory. <u>See</u> <u>id.</u> And although the <u>Booker</u> Court "expressly made these holdings applicable to all cases pending on direct review[,]" it "made no explicit statement of retroactivity to collateral cases." <u>Id.</u> (internal quotation marks and citation omitted).

In an April 14, 2005, letter order, the court advised petitioner that it would consider her Brief based upon <u>Blakely/Booker</u> in conjunction with her pending October 2002 Motion for Reconsideration. As to her renewed request for appointment for counsel, the court further advised petitioner that it would hold the same "in abeyance pending receipt of the Government's response." Doc. #24. Despite that fact that nowhere in her Brief does petitioner mention section 2255, on June 10, 2005, the Government filed what it termed its "Response in *Opposition* to Defendant's [sic] *Motion* for Relief *Under* 18 [sic] U.S.C. § *2255*" (Doc. #26) (emphasis added). What is more, in this Response the Government references petitioner's August 1999 section 2255 motion. That section 2255 motion is *not* the subject of action #1, however. Rather, the August 1999 motion was the initial filing in action #2. Accordingly, the August 1999 motion filed in action #2 cannot be the basis for the Government's argument that petitioner's Brief is procedurally barred herein (*i.e.*, action #1).

The Government, in its response, did address the substantive argument

5

which petitioner's Brief raises, *i.e.* the impact of Blakely/Booker upon her sentence. The Government contends that because the Second Circuit has held that neither Blakely nor Booker apply retroactively, see United States v. Guzman, 404 F.3d 139, 140 (2d Cir. 2005) ("hold[ing] that Booker does not apply retroactively to cases on collateral review" which became final prior to Booker (January 12, 2005); Green v. United States, 397 F.3d 200, 202 (2d Cir. 2004) ("neither Booker nor Blakely apply retroactively to [petitioner's] collateral challenged" for purposes of second or successive motion), Ms. Santana is not entitled to certification to the Second Circuit on the basis of those two Supreme Court decisions.

## II. Action #2 (99-CV-1252)

Roughly four months after the filing of her letter for a downward departure in action #1, on August 10, 1999, Ms. Santana brought a "Motion Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody[.]" Santana v. United States, 99-CV-1252 (Doc. #1). This motion was deemed to be a new action and was assigned case number 99-CV-1252. On the section 2255 motion form petitioner answered "Yes" to the following question: "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?" Id. at 3. As the form required, petitioner then listed her "motion for downward departure" in action #1, noting that it had been dismissed. See id.

Following the Government's response to this particular section 2255 motion, on December 17, 1999, the court denied same because it was untimely under the AEDPA, which required filing by April 27, 1997, the first anniversary of the AEDPA's effective date. See Santana v. United States, No. 99-CV-1252, 1999 WL

6

1281501, at *2 (Dec. 21, 1999). In *dicta* the court explained that even if timely, there was no merit to petitioner's double jeopardy argument. See id. A few days later, on December 21, 1999, the case was closed.

Because petitioner did not include a civil action number on her April 2005 Brief, wherein she is seeking relief based upon a Blakely/Booker objection to her sentence, that Brief was cross-filed in this action (#2). The Government's June 10, 2005 Response was not cross-filed however. Perhaps that is because the only action number listed on that June 10th Response is 99-CV-455, *i.e.*, action #1. In any event, because the Government's Response referred to the August 1999 section 2255 motion previously brought in this action (#2), as well as the fact that it also addresses the Blakely/Booker argument, which is the subject of Petitioner's recently filed Brief, the court will also consider the same in connection with this action.

Given this convoluted history, it is necessary to clarify the matters currently pending before the court. Currently pending in action #1 is petitioner's October 24, 2002 motion for reconsideration brought pursuant to § 2255, which is based primarily upon the Supreme Court's decision in Richardson. Also pending before the court in action #1 is petitioner's April 4, 2005, Brief wherein she is seeking relief based upon Blakely and Booker. Further, in action #1 there is pending petitioner's renewed request for appointment of counsel.

The only matter before the court in action #2 though is petitioner's April 4, 2005 Brief. The court will separately address these two actions in reverse order.

### Discussion

### I. Action #2 (99-CV-1252)

Nowhere in her Brief does petitioner specify the statute or rule upon which she is relying as a basis for same. However, before addressing the merits, the court

must decide whether to treat this Brief as a Rule 60(b) motion[4] or as a motion under section 2255. It is necessary to distinguish between these two procedural vehicles because the repercussions are different depending upon how this Brief is characterized. If it is deemed to be a "second or successive" motion under section 2255, then in accordance with the AEDPA, absent certification from the Second Circuit, this court would lack jurisdiction to consider same. See Torres v. Senkowski, 316 F.3d 147 (2d Cir. 2002) (district court lacks jurisdiction to decide successive habeas petition on its merits, without certification from the Court of Appeals); see also 28 U.S.C. § 2255(1) and (2).[5] On the other hand, if the court

---

[4] As the Second Circuit has explained:

> A true Rule 60(b) motion must be predicated on one of five narrow and specific grounds or on a sixth ground which, despite its open working, has been narrowly cabined by the precedent of this Court:
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment.*

Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004) (quoting Fed. R. Civ. P. 60(b)) (emphasis added by Second Circuit) (other citation omitted).
On the face of it, none of the first five sections apply here. Thus, to the extent petitioner is relying upon Rule 60(b) at all, she must be relying upon subsection six.

[5] In accordance with 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a

8

treats petitioner's Brief as a Rule 60(b) motion, certification is not required. Cf. Harris v. United States, No. 97 Civ.1904, 2005 WL 578918, at *2 (S.D.N.Y. March 11, 2005) (where inmate's motion was "unrelated to his prior habeas corpus proceedings[,] . . . the AEDPA's prohibition against bringing a second or successive habeas petition is inapplicable[]"). At the same time though, courts should be mindful that they do not construe a motion as being brought under Rule 60(b) when to do so would allow the party to circumvent the gatekeeping certification procedures of the AEDPA. See Labarbera v. United States, No. 03 CR 0970, 2005 WL 1072712, at *1 (E.D.N.Y. April 25, 2005) (citations omitted) ("[T]he Second Circuit has cautioned the district court against converting mislabeled applications in light of the . . . AEDPA . . . , which prohibits second or successive applications for the writ without the Circuit Court's permission."); see also Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

The Government did not address petitioner's Brief from a procedural standpoint. Given the Government's usual stance on similar motions, presumably it would take the position that this Brief is nothing more than a second, successive motion under section 2255, and thus it must be transferred to the Second Circuit for possible certification.

In the Second Circuit, a motion for reconsideration of a § 2255 habeas petition "is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." United States

---

whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255 (1) and (2).

v. Eubanks, No. S7 92. 392, 1999 WL 1261256, at *5 (S.D.N.Y. 1999) (citing United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993)). Here, the challenged order denying petitioner's § 2255 motion was filed on December 21, 1999. Obviously this Brief, which was filed on April 4, 2005, was filed well beyond 10 days of the December 1999 order rejecting petitioner's August 1999 motion brought pursuant to section 2255. At first glance the court is inclined to consider this Brief as a motion for reconsideration brought pursuant to Fed. R. Civ. P. 60(b). It is not that simple though given the developments in the law in terms of whether motions subsequent to a section 2255 motion should be deemed reconsideration motions based upon Fed. R. Civ. P. 60(b), or whether they should be deemed second or successive motions under section 2255.

As the Second Circuit has explained, "a motion under Rule 60(b) and a petition for habeas have different objectives.'" Vega v. United States, No. CV-99-3229, 2005 WL 1124512, at *3 (E.D.N.Y. May 10, 2005) (quoting Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001)). "'Relief under Rule 60(b) is available only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.'" Id. (quoting Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004)) (other citations omitted). On the other hand, "[i]f the motion relates to the integrity of the conviction (*or sentence*) and not the prior habeas proceeding, then the motion is, in actuality, a successive § 2255 petition and must meet the criteria set forth in the AEDPA[,]" id. (footnote omitted) (emphasis added), such as certification by the "appropriate court of appeals[.]" See 28 U.S.C. § 2255.

An examination of petitioner's Brief in light of the foregoing shows that she is *not* attacking the integrity of her prior August 1999 habeas proceeding. Nor is

she claiming any defect in this court's prior resolution of that habeas petition. Instead, as discussed above, in this Brief petitioner is challenging the constitutionality of her sentencing after <u>Blakely</u> and <u>Booker</u>. Given that petitioner's August 1999 section 2255 motion raised the issue of double jeopardy, clearly this Brief addressing the integrity of her sentencing after <u>Blakely</u> and <u>Booker</u> does *not* relate to that prior section 2255 motion. Furthermore, because <u>Blakely</u> and <u>Booker</u> were decided in 2004 and 2005 respectively, plainly the sentencing issues which resulted therefrom could not have been raised in petitioner's earlier August 1999 habeas proceeding. In light of the foregoing, the court finds that petitioner's Brief "is, in actuality, a successive § 2255 petition and must meet the [certification] criteria set forth in the AEDPA." <u>See</u> <u>Vega</u>, 2005 WL 1124512, at *3 (footnote omitted).

The court has two procedural options at this juncture. It could advise petitioner that it intends to treat this Brief as a second or successive collateral attack and transfer it to the Second Circuit. <u>See id.</u> (citing <u>Glitten v. United States</u>, 311 F.3d 529, 534 (2d Cir. 2002)). Alternatively, it could "simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." <u>Harris</u>, 367 F.3d at 82 (internal quotation marks and citation omitted). To avoid further prolonging this already protracted litigation, this court will follow the latter approach. Thus, it denies petitioner Santana the relief which she is seeking in her Brief as "beyond the scope of Rule 60(b)." <u>See id.</u> (internal quotation marks and citation omitted). "If [Ms. Santana] wishes to have the substance of these challenges [to her sentence] considered, [s]he must gain the authorization of the Second Circuit Court of Appeals for leave to file a second or successive § 2255 petition." <u>Vega</u>, 2005 WL 1124512 at *3 (footnote omitted); <u>see also</u> <u>Harris v.</u>

11

United States, 357 F.Supp.2d 524, 528 (N.D.N.Y. 2005) (after denying petitioner's claims under Rule 60(b), which sought to challenge the integrity of the underlying criminal conviction "and not his prior § 2255 petition," the court advised petitioner that if he "wish[ed] to have the substance of his challenges considered, he need[ed] to gain the authorization of the Second Circuit . . . to file a motion for leave to file a second or successive § 2255 petition[]").

In this regard, the court observes that because, as set forth above, the Second Circuit has held that neither Blakely nor Booker established a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review[,]" the likelihood of the Circuit Court granting petitioner a certificate in accordance with section 2255 seems very remote. See Vega, 2005 WL 124512, at *4, n. 11 (internal quotation marks and citation omitted). The court's decision today does not entirely foreclose petitioner from seeking a Certificate of Appealability in the Second Circuit, but given the current state of the law in this Circuit with respect to Blakely/Booker objections to convictions, such as petitioner's, which were final before January 12, 2005, any such efforts by petitioner may well be futile.

## *II. Action #1 (99-CV-455)*

### *A. October 24, 2002 Motion*

#### *1. Second or Successive Petition?*

As in action #2, the court must first consider the nature of petitioner's October 2002 "motion" in action #1. Is it a motion brought pursuant to 28 U.S.C. § 2255 and hence subject to the second, successive petition rules, or is it a motion for reconsideration brought pursuant to Fed. R. Civ. P. 60(b), which would *not* be subject to those statutory rules?

For substantially the same reasons which it found petitioner's Brief to be a successive section 2255 motion, the court finds that this October 2002 motion also is a successive section 2255 motion. On this motion, petitioner is not attacking the integrity of her prior March 26, 1999 request for a downward departure. Likewise, she is not claiming any defect in the court's resolution of that matter, *i.e.*, dismissing it as untimely. Rather, as discussed above, on this motion petitioner is challenging her sentence based upon Richardson. Plainly this Richardson argument does not relate to her prior application in which she made a double jeopardy argument. Thus, as with petitioner's April 10th Brief, the court finds that this October 2002 motion "is, in actuality, a successive § 2255 petition and must meet the [certification] criteria set forth in the AEDPA." See Vega, 2005 WL 1124512, at *3 (footnote omitted). Also, as with petitioner's Brief and for the same reasons, the court will opt to treat the October 2002 motion as one for reconsideration under Rule 60(b) and deny the same "as beyond the scope" of such a motion. See Harris, 367 F.3d at 82. And, as with her Brief, "[i]f [Ms. Santana] wishes to have these challenges . . . considered, [s]he must gain the authorization of the Second Circuit Court of Appeals for leave to file a second or successive § 2255 petition." Vega, 2005 WL 1124512, at *3 (footnote omitted).

The court hastens to add, however, that once again the likelihood of petitioner prevailing on such an application is not strong. That is so because it appears that her October 2002 motion is untimely. The AEDPA's one year limitation period runs, among other things, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(3). As the Government correctly reasons,

under that provision because Richardson was decided on June 1, 1999, petitioner had until June 1, 2000 to seek relief based thereon. Plainly Ms. Santana's October 24, 2002, motion for reconsideration was filed well after the June 1, 2000 AEDPA limitation period for seeking relief under section 2255.

The Supreme Court's recent decision in Dodd v. United States, 125 S.Ct. (June 20, 2005), lends support to this conclusion. In Dodd the Court held that the one year limitations period under section 2255(3) runs from the date on which the Supreme Court initially recognized the right asserted rather than the date on which it was first recognized as being applicable retroactively to cases on collateral review. Thus, the fact that the Second Circuit did not decide until August 3, 2001 that Richardson is a substantive rule which should be applied retroactively in a defendant's first federal habeas, does not change the result here. See Santana-Madera v. United States, 260 F.3d 133, 139 (2d Cir. 2001).

### B. Blakely/Booker

Because the Brief which the court is considering in this action (#1) is the exact same Brief which it considered in action #2, for the reasons set forth in part I above, the court denies petitioner the relief sought therein based upon Blakely and Booker.

### C. Appointment of Counsel

In light of the foregoing, for substantially the reasons set forth in its January 9, 2004, order in action #1, the court denies petitioner's request for counsel. See Santana v. United States, 99-CV-455 (Doc. #20).

IT IS SO ORDERED.

_____
Neal P. McCurn,
Senior U.S. District Court Judge

July 13 2005
Syracuse, New York