UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

GRISELA SANTANA,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent

                                        5:99-CV-455; 5:99-CV-1252; & 5:92-CR-245

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GRISELA SANTANA<br>Petitioner, Pro Se<br>No. 29085-037<br>Federal Detention Center<br>Unit 1-3N, Work Cadre Program<br>P.O.Box 562<br>Philadelphia, PA   19106 | |
| HON. GLEN SUDDABY<br>United States Attorney<br>Attorney for Respondent<br>P. O. Box 7198<br>Syracuse, NY 13261-7198 | JOHN G. DUNCAN,<br>Assistant U.S. Attorney |

NEAL P. McCURN, S.J.

### *Background*

      The court assumes familiarity with the underlying criminal matter, 5:92-CR-245, and the long, rather tortured history of these two related civil actions, 99-CV-455 ("action #1") and 99-CV-1252 ("action #2").

In a Memorandum Decision & Order filed on July 14, 2005 (Dkt. No. 27),[1] this court had before it two motions by petitioner Grisela Santana seeking relief from her sentence which was imposed in that criminal action. In action #2, petitioner did not "specify the statute or rule upon which she [was] relying" for relief from her sentence. Dkt. No. 27 at 7. After a discussion of the relevant case law, the court found petitioner's Brief to be "'in actuality, a successive § 2255 petition and [thus she] must meet the [certification] criteria set forth in the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996][,]'" id. at 11 (quoting Vega v. United States, No. CV-99-3229, 2005 WL 1124512, at *3 (E.D.N.Y. May 10, 2005) (footnote omitted), which requires that before filing such a motion, "the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." Vega, 2005 WL 1124512, at *3 n.4 (citations omitted). Petitioner did not do that.

Because petitioner did not satisfy the criteria for bringing a second or successive § 2255 motion, the court found that it had two options. It could "'deny the portion of the motion attacking the conviction as beyond the scope of Rule 60(b).'" Dkt. No. 27 at 11 (quoting Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (internal quotation marks and citation omitted)). The other option was to "advise petitioner that it intend[ed] to treat [her] Brief as a second or successive collateral attack and transfer it to the Second Circuit[]" for certification. Id. (citing, *inter alia*, Glitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)). The court opted for the former course of action. Therefore it denied Ms. Santana's motion in action #2 as "beyond the scope of Rule 60(b)." Id. (internal quotation

---

[1] This is the docket number in 99-CV-455. The same decision was filed as docket number 12 in 99-CV-1252. Hereinafter this document will be referred to as "the decision" or "Dkt. No. 27".

2

marks and citation omitted). The court explained to Ms. Santana, however, that if she wanted "to have the substance of [her] challenges [to her sentence] considered, [s]he must gain the authorization of the Second Circuit . . . for leave to file a second or successive § 2255 petition." Id. (internal quotation marks and citations omitted). The court applied that same reasoning to petitioner's motion in action #1, and reached the same conclusion. See id. at 13-14.

Less than a month later, by letter dated August 11, 2005, petitioner wrote this district court inquiring as to the "process" for obtaining a certificate of appealability ("COA"). Dkt. No. 29.[2] In closing, Ms. Santana "ask[ed] that this court consider [her letter] as [her] Motion to Appeal said cases[.]" Id. (emphasis added). She further "asked . . . this court to "transfer this Motion [to Appeal] to the Second Circuit . . . Persuant [sic] to 28 U.S.C. § 1631." Id. Additionally, petitioner "ask[ed] . . . th[is] court [to] reconsider [her] request for legal counsel." Id. The Clerk's Office in the Northern District of New York treated this August 11, 2005 letter as a Notice of Appeal and it was filed in both actions #1 and #2. Thereafter, the two actions took slightly different procedural routes.

In action #1 only, on September 12, 2005, petitioner filed in this court a "Motion for Leave to Appeal In Form Pauperis[.]" Dkt. No. 31 at 1. Attached to that motion is a "Motion for Enlargement of Time in Which to File Appellant's Statement of Issues[,]" which is appropriately directed to the Second Circuit. Id., Attachment A thereto at 1. On October 3, 2005, in action # 1 a clerk of this court certified the record on appeal to the Court of Appeals. Dkt. No. 32.

The government's November 1, 2005 response to that IFP motion was somewhat equivocal. First of all, it noted that although that particular request to

---

[2] This letter is docket number 10 in action #2.

"not include a specific request for the appointment of counsel," this court had previously denied two such requests. Dkt. No. 33 (99-CV-455). In the end, however, the government indicated that it would "rely on the sound judgment of the Court in determining whether to grant [petitioner's] motion." Id.

Also on September 12, 2005, a September 2, 2005, Second Circuit mandate was filed in this court in action #2. See Dkt. No. 13. Despite the specific reference to Rule 60(b)(6), the Second Circuit considered petitioner's notice of appeal as having been brought "from an order denying relief in a [sic] application brought under . . . 28 U.S.C. Section 2255[.]" Id. Interpreting petitioner's application in that way, the Second Circuit noted that the file did not "contain either a certificate of appealability or a denial thereof[.]" Id. Accordingly, the Court ordered the appeal in action #2 (99-CV-1252) dismissed without prejudice to reinstate "upon notice to the Clerk within 30 days from the entry of an order by the district judge granted [sic] or denying a [COA]." Id. Thus, in accordance with Fed. R. Civ. P. 22(b) and Second Circuit Rule 22a, that Court "directed" petitioner "to promptly move for a [COA] in the district court." Id. At the same time, on September 12, 2005, the Second Circuit directed the appeals clerk for this court to transmit to the Court of Appeals the record on appeal in action #2 *only*. Dkt. No. 12.

Since the filing of that mandate, petitioner has not moved for a certificate of appealability. Given her *pro se* status, however, and the Second Circuit's mandate, the court deems petitioner's August 11, 2005, letter as such a motion. "A certificate of appealability is granted upon a petitioner's substantial showing of the denial of a constitutional right -- in other words, if the issues raised in a petition are 'debatable among jurists of reason' or 'are adequate to deserve encouragement to proceed further.'" Paramore v. Filion, 293 F.Supp.2d 285, 295 (S.D.N.Y. Aug. 13,

4

2003) (quoting Miller-El v. Cockrell, 537 U.S. 322, ___, 123 S.Ct. 1029, 1039 (2003)). As explained in this court's July 13, 2005, memorandum-decision and order, because "the Second Circuit has held that neither Blakely nor Booker established a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review[,]" the likelihood of the Circuit Court granting petitioner a certificate in accordance with section 2255 seems very remote." Dkt. #27; and Dkt. #12 at 12 (citing Vega v. United States, No. CV-99-3229, 2005 WL 1124512, at *3 (E.D.N.Y. May 10, 2005)).

There has been no change in the relevant Second Circuit case law since that July 13, 2005, decision. In fact, as the court recently pointed out in Waksal v. United States, No. 05 Civ. 3378, 2005 WL 2766785, at *3 (S.D.N.Y. Oct. 26, 2005), not only does the statement of law just recited remain "binding precedent in this Circuit[,]" but "every other Court of Appeals to consider Booker's retroactivity has . . . concurred that Booker established a new non-watershed procedural rule." Id. (citing cases). In light of that "resounding uniformity[,]" the Waksal Court soundly reasoned "that reasonable jurists are in agreement about Booker's scope." Id. Thus, as in Waksal, "[g]iven the firm conclusion of the Second Circuit and every other Court of Appeals to consider the retroactivity of Booker to cases on collateral review, the question of whether [petitioner's] Section 2255 motion should be denied is not debatable and does not warrant this Court's authorization to proceed up the appellate ladder." Id. at *4. The Supreme Court's recent denial of *certiorari* in Guzman v. United States, 404 F.3d 139 (2d Cir.), cert. denied, 2005 WL 3144193, 74 USLW 3322 (U.S. Nov. 28, 2005), wherein the Second Circuit Booker did not apply retroactively to cases on collateral review, bolsters this conclusion. Accordingly, the court declines to issue a certificate of appealability to

5

petitioner Santana in action #2 (99-CV-1252).

Turning to petitioner's request for an order granting her leave to appeal *in forma pauperis* in action #1 (99-CV-455), the decision to grant such a request "is left to the District Court's discretion under 28 U.S.C. § 1915." Boddie v. New York State Division of Parole, No. 03CIV2599, 2004 WL 1326270, at *1 (S.D.N.Y. June 10, 2004) (internal quotation marks and citations omitted). "The same standard is repeated in Federal Rule of Appellate Procedure 24(a)(3)(A)." Id. "The Court's discretion is limited in that: An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Fridman v. The City of New York, HS, 195 F.Supp.2d 534, 536-37 (S.D.N.Y. 2002) (internal quotation marks; citation and footnote omitted).

"To determine whether the appeal is taken in good faith, a court must consider the objective merits of the appeal." Id. at 537 n. 2 (citations omitted). For the reasons set forth above, including the fact that petitioner has "not made a substantial showing of the denial of a constitutional right[,]" Boddie, 2004 WL 1326270, at *1 (citation omitted), the court has declined to issue a COA. Therefore, the court must certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. Pro. 24(a)(3)(A) that any appeal herein would not be taken in good faith. See id. Petitioner's request for leave to appeal *in forma pauperis* thus is denied. See id.

Finally, because "[t]here is no constitutional right to representation by counsel in habeas corpus proceedings[,]" Muniz v. United States, 360 F.Supp.2d 574, 582 n.3 (S.D.N.Y. 2005) (citations omitted), to the extent petitioner's papers can be read as seeking same in one or both of her actions (separate and apart from her request for IFP status), the court denies the same. As outlined above, in prior

6

decisions of this court, because petitioner's claims lack merit, "the interests of justice" do not "require" appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B).

In short, the court hereby DENIES:

(1) petitioner's motion for a certificate of appealability in action #2 (99-CV-1252);

(2) petitioner's motion for leave to appeal *in forma pauperis* in action #1 (99-CV-455); and

(3) petitioner's motion for appointment of counsel in both actions.

IT IS SO ORDERED.

_____
Neal P. McCurn,
Sr. U.S. District Court Judge

December 13, 2005
Syracuse, New York